1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK W. KING, | 1:14-cv-02079-AWI-GSA |
| Plaintiff, | **ORDER RE: MOTION OF** |
| v. | **DEFENDANT JOHN B. MEEK TO** |
| | **DISMISS PLAINTIFF MARK W.** |
| JOHN B. MEEK, | **KING'S COMPLAINT** |
| Defendant. | (Doc. #3) |

_____/

## I.    INTRODUCTION

Defendant John B. Meek filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(4), (b)(5), and (b)(6). For reasons discussed below, the motion to dismiss for failure to state a claim and lack of personal jurisdiction shall be granted with leave to amend. The other motions will be denied without prejudice.

## II.    FACTS AND PROCEDURAL BACKGROUND

On December 15, 2014, plaintiff Mark W. King ("Plaintiff") filed a complaint against John B. Meek ("Defendant") alleging Defendant defamed Plaintiff by telling a third party that Plaintiff had threatened Defendant's wife and daughter. On December 29, 2014, Defendant removed the action to the United States District Court for the Eastern District of California. On February 9, 2015, Defendant filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(4), (b)(5), and (b)(6). Plaintiff did not oppose Defendant's motion.

# III.   DISCUSSION

Motion to Dismiss for Failure to State a Claim

*Legal Standard*

Rule 8 of the Federal Rules of Civil Procedure, rather than state law pleading standards, governs the degree of specificity required to adequately plead state law claims for libel and slander. *PAI Corp. v. Integrated Sci. Solutions, Inc.*, 2007 WL 1229329, at *7 (N.D. Cal. Apr. 25, 2007).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see Fed. R. Civ. P. 12(b)(6). A plaintiff does not have to provide detailed factual allegations, but the complaint must state more than mere labels and conclusions. *Id.*  "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESP*, 393 F.3d 1068, 1072 (9th Cir. 2005).


*Analysis*

Defamation is the publication of a false statement of fact which is unprivileged and has a natural tendency to injure or causes special damage. *Burrill v. Nair*, 217 Cal. App. 4th 357, 382, (Cal. Ct. App. 2013). Defamation is effected either by libel or by slander. Cal. Civ. Code § 44. Libel is a false and unprivileged publication by writing or print which exposes a person to hatred, ridicule, or has a tendency to injure him in his occupation. Cal. Civ. Code § 45. A statement which is libelous on its face is libel per se and does not require proof of actual damages. *Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp. 2d 1179, 1183 (E.D. Cal. 2008). Slander is a false and

unprivileged publication which is orally uttered. Cal. Civ. Code § 46. The first four types of statements enumerated in California Civil Code Section 46 constitute slander per se. *Regalia v. Nethercutt Collection*, 172 Cal. App. 4th 361, 368 (Cal. Ct. App. 2009); Cal. Civ. Prac. Torts § 21:25. The first type of statement enumerated in California Civil Code Section 46 states that slander is the false and unprivileged publication, uttered orally, which charges any person with a crime. Cal. Civ. Code § 46.  A statement that is slander per se does not require proof of actual damages. *Duste v. Chevron Products Co*., 738 F. Supp. 2d 1027, 1041 (N.D. Cal. 2010) (holding that if a defamatory statement falls within the first four categories of California Civil Code Section 46 no actual damages need to be pleaded). A claim for defamation is not defective for failure to state the exact words of the alleged defamatory statement. *Okun v. Superior Court*, 29 Cal. 3d 442, 458 (1981). But, the claim must contain the substance of the defamatory statement. *Id*. *Twombly* requires that a plaintiff plead more than just mere conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In *Williams*, the plaintiff argued that the defendant defamed her by making untrue statements about her to third parties alleging criminal conduct. *Williams v. Cnty. of Los Angeles*, 2006 WL 4756376, at *3 (C.D. Cal. June 19, 2006). In her complaint the plaintiff stated that she had been suspended for "allegedly making a threat against Gordov." *Id*. The plaintiff claimed that she had alleged slander per se. *Id*. The Court found that the plaintiff had not alleged slander per se because it was unclear whether "making a threat" is a crime for purposes of California Civil Code Section 46. *Id*.

Here, Plaintiff does not make it clear whether the allegedly defamatory statement was oral or written. In the complaint Plaintiff only states that Defendant had falsely accused him of "a serious crime, specifically threatening" Defendant's wife and daughter. If the statement was oral this case is similar to *Williams*. Plaintiff does not describe the threat that was allegedly made, making it unclear whether the threat would be a crime for purposes of California Civil Code Section 46. If the threat is a crime then Plaintiff has pleaded slander per se and does not

have to plead actual damages. If the threat is not a crime for purposes of Section 46 then Plaintiff must plead actual damages in the complaint; which Plaintiff has not done. Plaintiff states that Defendant was "desperate" in trying to harm Plaintiff's reputation but the complaint does not state whether Plaintiff was actually harmed. If the statement was written and is libelous on its face then Plaintiff does not have to prove actual damages. But if the statement is not libel per se then the Plaintiff will have to prove actual damages. Assuming that Plaintiff has pleaded slander per se or libel per se the complaint must still contain enough specificity to satisfy the pleading requirements of Rule 8.

In *Smith*, the Court found a complaint insufficient because the plaintiff had not adequately alleged who the defamatory statements were made to. *Smith v. Lowe's Hiw, Inc.*, 2014 WL 1419655, at *4 (E.D. Cal. Apr. 14, 2014) *report and recommendation adopted*, 2014 WL 1910804 (E.D. Cal. May 13, 2014). In his complaint the plaintiff argued that he was informed and believed that the allegedly defamatory statements were published to someone other than him. *Id*. But the complaint did not identify who that third party was. *Id*. Similarly, in *Silva* the Court found plaintiff's complaint insufficient in part because plaintiff did not identify the recipients of the allegedly defamatory statements. *Silva v. Solano Cnty.*, 2014 WL 5501225, at *5 (E.D. Cal. Oct. 30, 2014). The plaintiff argued that the defendant defamed her by falsely accusing her of committing billing and time sheet fraud, improperly using her County cell phone, and of violating various County regulations in performing her job. *Id*. The Court held that the complaint did not give the defendant fair notice of the grounds upon which plaintiff's claims rested because the complaint did not identify the recipients of the statements and did not indicate whether the statements were made orally or through written publication. *Id*. Publication for purposes of defamation requires communication to a third party who understands the defamatory meaning of the statement and its application to the plaintiff. *Ringler Associates Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (Cal. Ct. App. 2000); 5 Witkin, Summary 10th (2005) Torts, § 535, p. 786.

1    Here, Plaintiff alleges that Defendant made "this malicious claim to at least one other

2    person." As in *Smith* the Plaintiff argues that the allegedly slanderous statement was made to a

3    third party but does not identify the third party in any way. The complaint does not establish

4    whether the defamatory statement was published because it does not identify the third party.

5    Without more facts it is not possible to determine whether the allegedly defamatory statement

6    was published in a manner sufficient to constitute defamation. In addition, similar to *Silva*,

7    Plaintiff does not make it clear whether the allegedly defamatory statement was oral or written.

8    The complaint states that the Plaintiff "learned that Defendant" had "falsely accused" Plaintiff.

9    But the complaint does not state whether Defendant had falsely accused Plaintiff in a manner to

10   constitute slander or libel. The complaint, like the complaint in *Silva*, is not specific enough to

11   give the Defendant fair notice of the grounds upon which Plaintiff's claims rest.

12   Assuming that Plaintiff had pleaded defamation per se and was not required to plead

13   damages in his complaint, Plaintiff still has not included enough specificity to satisfy Rule 8 of

14   the Federal Rules of Civil Procedure. Plaintiff has not made it clear whether he is alleging

15   slander or libel since the complaint does not state the manner in which the allegedly defamatory

16   statements were made. Plaintiff also does not identify the third party who received the statements

17   making it difficult to determine whether the statements were adequately published for purposes

18   of defamation. Since the complaint does not contain enough facts it will be dismissed for failure

19   to allege facts sufficient to state a claim upon which relief may be granted.

20   Motion to Dismiss for Lack of Personal Jurisdiction

21   Federal courts apply the personal jurisdiction laws of the state where they sit. *Michael v.*

22   *New Century Fin. Servs.*, --- F. Supp. 3d ---- 2014 WL 4099010, at *2 (N.D. Cal. Aug. 20, 2014).

23   In California a court may exercise personal jurisdiction over a defendant on any basis that is not

24   inconsistent with the Constitution of California or of the United States. Cal. Civ. Proc. Code §

25   410.10 (West). Jurisdiction over an individual can either be general or specific. *Michael*, 2014

26   WL 4099010, at *2. An individual is subject to general jurisdiction in the state where they are

27   domiciled. *Daimler AG v. Bauman*, --- U.S. ---- 134 S. Ct. 746, 760 (2014). A court may exercise

28

5

specific jurisdiction over a nonresident defendant if the defendant has "minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Due Process requires that the defendant commit some act by which he "purposefully avails himself of the privilege of conducting activities within the forum state." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)(holding that defendant was subject to personal jurisdiction because he had substantial contacts with the forum state and fair notice that he might be subject to suit there). Foreseeability that an injury will result in another state is not sufficient to establish personal jurisdiction. *Id*. Instead the foreseeability which is essential for Due Process is that the defendant should have reasonably anticipated being hauled into court in the forum state. *Id*. The plaintiff has the burden to establish that a court has personal jurisdiction over a defendant. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128 (9th Cir. 2003).

In *Keeton*, the petitioner brought a libel suit against a magazine publisher in federal court in New Hampshire. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 770 (1984). The petitioner claimed that she had been libeled in five issues of the respondent's magazine. *Id*. The respondent was an Ohio corporation and its contacts with New Hampshire consisted of about 10,000 to 15,000 magazine sales a month. *Id*. The court found that the respondent's activities in New Hampshire were not substantial enough to subject him to the general jurisdiction of the court. *Id*. at 779-80. But since the cause of action arose out of the respondent's activities in the state he was subject to specific jurisdiction. *Id*.

In *Calder*, the respondent brought a defamation claim in California alleging that she had been libeled in an article written and edited by petitioners in Florida. *Calder v. Jones*, 465 U.S. 783, 784 (1984). The respondent was a resident of California and petitioners were residents of Florida. One petitioner had frequently traveled to California on business. *Id*. at 785.  The other petitioner had only been to California twice and both visits were unrelated to the defamation suit. *Id*. at 786. The Court held that the petitioners were subject to personal jurisdiction in California because the allegedly libelous story concerned a California resident, relied on California sources,

and the harm was suffered in California. *Id.* at 789. California was found to be the focal point of the petitioner's actions. *Id.*

Here, Defendant is not domiciled in California and therefore is not subject to the Court's general jurisdiction. To be subject to the Court's specific jurisdiction Defendant must have purposefully committed some act in California out of which the alleged harm arose or California must have been the focal point of Defendant's actions. The complaint does not state where Defendant made the allegedly defamatory statement. If Defendant made the defamatory statement in California then there would be specific jurisdiction since the alleged harm arose out of Defendant's activities in the state. If Defendant made the allegedly defamatory statement in Washington D.C. then California courts do not have personal jurisdiction over Defendant since he did not commit an act in the state. The complaint also does not identify the manner in which the allegedly defamatory statement was made or to whom it was made making it unclear whether California was the focal point of Defendant's actions. Whether or not Defendant foresaw that the statement would harm Plaintiff in California is irrelevant. Defendant must have committed some act in California so that Defendant would reasonably foresee being sued in the state. Since Plaintiff has not met his burden of establishing that the Court has personal jurisdiction over Defendant, Defendant's motion to dismiss pursuant to Rule 12(b)(2) will be granted with leave to amend.

Remaining Motions to Dismiss

In the interest of judicial economy, the Court will not rule on Defendant's remaining motions to dismiss. The remaining motions will be denied without prejudice.

1

## IV.    DISPOSITION

2       Defendant's motion to dismiss the complaint against him pursuant to Rule 12(b)(2) and

3   12(b)(6) is GRANTED. Defendant's motions to dismiss pursuant to Rule 12(b)(4) and 12(b)(5)

4   is DENIED without prejudice. Plaintiff shall have leave to amend within thirty days of entry of

5   this order. Failure to file amended complaint will result in dismissal of complaint.

6

IT IS SO ORDERED.

7

8   Dated:   June 10, 2015         _____

                                   SENIOR  DISTRICT  JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28